# DENTON LAW, PC

3330 PACIFIC AVENUE #403B
VIRGINIA BEACH, VA 23451
TEL: 757-678-8508
FAX: 757-551-2444
JAKE@DENTON.LAW

2023 JAN 20 PM 2:16

DB

January 20, 2023

***Via Hand Delivery to:***
Newport News Circuit Court
Honorable Angela F. Reason, Clerk
2500 Washington Avenue
Courthouse Building
Newport News, VA 23607-4307

CL 23002666 M-05

*Re:* *Michael Haney*
*v.*
*Hall Hyundai Newport News, LLC*

Dear Ms. Reason,

Enclosed please find the following for entry by the Court in the above captioned matter:

- Cover Sheet for Civil Actions
- Complaint (plus 1 copy)
- Copy of the first page of Complaint to be stamped by the Clerk and returned in the SASE provided Mailed 1-20-23 DB
- Check for $296.00 for the filing fee

We request private process service by Driskell Services Inc. 757-961-6961.

Very truly yours,

Jeremiah A. Denton, IV

JADIV:ksr
Enclosures
cc: Michael Haney *(via email only)*

**EXHIBIT**
**1**

# COVER SHEET FOR FILING CIVIL ACTIONS

COMMONWEALTH OF VIRGINIA

Case No. CL23002606M-00
(CLERK'S OFFICE USE ONLY)

Newport News Circuit Court

Michael Haney v./In re: Hall Hyundai Newport News, LLC

PLAINTIFF(S) DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [x] attorney for [x] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Subsequent Actions**

- [ ] Claim Impleading Third Party Defendant
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Counterclaim
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Cross Claim
- [ ] Interpleader
- [ ] Reinstatement (other than divorce or driving privileges)
- [ ] Removal of Case to Federal Court

**Business & Contract**

- [ ] Attachment
- [ ] Confessed Judgment
- [ ] Contract Action
- [ ] Contract Specific Performance
- [ ] Detinue
- [ ] Garnishment

**Property**

- [ ] Annexation
- [ ] Condemnation
- [ ] Ejectment
- [ ] Encumber/Sell Real Estate
- [ ] Enforce Vendor's Lien
- [ ] Escheatment
- [ ] Establish Boundaries
- [ ] Landlord/Tenant
  - [ ] Unlawful Detainer
- [ ] Mechanics Lien
- [ ] Partition
- [ ] Quiet Title
- [ ] Termination of Mineral Rights

**Tort**

- [ ] Asbestos Litigation
- [ ] Compromise Settlement
- [ ] Intentional Tort
- [ ] Medical Malpractice
- [ ] Motor Vehicle Tort
- [ ] Product Liability
- [ ] Wrongful Death
- [x] Other General Tort Liability

## ADMINISTRATIVE LAW

- [ ] Appeal/Judicial Review of Decision of (select one)
  - [ ] ABC Board
  - [ ] Board of Zoning
  - [ ] Compensation Board
  - [ ] DMV License Suspension
  - [ ] Employee Grievance Decision
  - [ ] Employment Commission
  - [ ] Local Government
  - [ ] Marine Resources Commission
  - [ ] School Board
  - [ ] Voter Registration
  - [ ] Other Administrative Appeal

## DOMESTIC/FAMILY

- [ ] Adoption
  - [ ] Adoption – Foreign
- [ ] Adult Protection
- [ ] Annulment
  - [ ] Annulment – Counterclaim/Responsive Pleading
- [ ] Child Abuse and Neglect – Unfounded Complaint
- [ ] Civil Contempt
- [ ] Divorce (select one)
  - [ ] Complaint – Contested*
  - [ ] Complaint – Uncontested*
  - [ ] Counterclaim/Responsive Pleading
  - [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
- [ ] Separate Maintenance
  - [ ] Separate Maintenance Counterclaim

## WRITS

- [ ] Certiorari
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Prohibition
- [ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS

- [ ] Accounting
- [ ] Aid and Guidance
- [ ] Appointment (select one)
  - [ ] Guardian/Conservator
  - [ ] Standby Guardian/Conservator
  - [ ] Custodian/Successor Custodian (UTMA)
- [ ] Trust (select one)
  - [ ] Impress/Declare/Create
  - [ ] Reformation
- [ ] Will (select one)
  - [ ] Construe
  - [ ] Contested

## MISCELLANEOUS

- [ ] Amend Death Certificate
- [ ] Appointment (select one)
  - [ ] Church Trustee
  - [ ] Conservator of Peace
  - [ ] Marriage Celebrant
- [ ] Approval of Transfer of Structured Settlement
- [ ] Bond Forfeiture Appeal
- [ ] Declaratory Judgment
- [ ] Declare Death
- [ ] Driving Privileges (select one)
  - [ ] Reinstatement pursuant to § 46.2-427
  - [ ] Restoration – Habitual Offender or 3rd Offense
- [ ] Expungement
- [ ] Firearms Rights – Restoration
- [ ] Forfeiture of Property or Money
- [ ] Freedom of Information
- [ ] Injunction
- [ ] Interdiction
- [ ] Interrogatory
- [ ] Judgment Lien-Bill to Enforce
- [ ] Law Enforcement/Public Official Petition
- [ ] Name Change
- [ ] Referendum Elections
- [ ] Sever Order
- [ ] Taxes (select one)
  - [ ] Correct Erroneous State/Local
  - [ ] Delinquent
- [ ] Vehicle Confiscation
- [ ] Voting Rights – Restoration
- [ ] Other (please specify)

[x] Damages in the amount of $ 500,000.00 are claimed.

January 20, 2023
DATE

[ ] PLAINTIFF [ ] DEFENDANT [x] ATTORNEY FOR [x] PLAINTIFF [ ] DEFENDANT

Jeremiah A. Denton IV
PRINT NAME

Denton Law, PC 757-678-8508
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

3330 Pacific Avenue, Suite 403B Virginia Beach, VA 23451

jake@denton.law
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS

MICHAEL HANEY Case No. CL23002664-00

**JURY TRIAL DEMANDED**

Plaintiff

v.

HALL HYUNDAI NEWPORT NEWS, LLC

SERVE: Registered Agent:
CORPORATION SERVICE COMPANY
100 Shockoe Slip Floor 2
Richmond, VA, 23219-4100

And

WILLIAM CONRAD

And

MATTHEW SHIREY

2023 FEB 20 PM 2:55

## COMPLAINT

COMES NOW the plaintiff, Michael Haney ("Plaintiff" or "Haney" or "Mr. Haney"), by counsel, and moves this Court for entry of judgment in his favor and against the Defendants, Hall Hyundai Newport News, LLC ("Hall Hyundai"), William Conrad ("Conrad"), and Matthew Shirey ("Shirey") (collectively, "Defendants"), and in support of this complaint alleges as follows:

## NATURE OF ACTION

1. This is an action at law arising out of racial discrimination, hostile work environment, sexual harassment discrimination, and retaliation in the course of employment of plaintiff

by defendant, pursuant to the Virginia Human Rights Act, as well as common law claims for negligence and intentional infliction of emotional distress.

## PARTIES

2. Plaintiff Michael Haney is a natural person; a citizen of the Commonwealth of Virginia; and a resident of Newport News. He was employed by Hall Hyundai as a lube technician. Plaintiff is a member of a protected class, African-Americans.
3. Defendant Hall Hyundai Newport News ("Hyundai") is a limited liability company doing business in the Commonwealth of Virginia, including in Newport News, with its principal place of business located at 12872 Jefferson Avenue, Newport News, Virginia, 23608.
4. Defendant William Conrad is a natural person residing in the Commonwealth of Virginia who was employed by Defendant Hall Hyundai during all relevant times described herein. Conrad was Plaintiff's supervisor and foreman; accordingly, Hall Hyundai is directly liable for his discriminatory misconduct. Conrad instructed and supervised Plaintiff on a daily basis; set Plaintiff's work schedule; and oversaw and assigned Plaintiff's tasks. Conrad had the authority to discipline Plaintiff. Conrad could send Plaintiff home and generally controlled and managed Plaintiff's employment. Conrad is Caucasian.
5. Defendant Matthew Shirey is a natural person residing in the Commonwealth of Virginia who was employed by Defendant Hall Hyundai during all relevant times described herein. Shirey is Caucasian.

6. All acts and omissions committed by Conrad and Shirey, as well as all other Hall Hyundai employees mentioned herein, were made while working and performing job duties, and therefore within the scope of their employment and, accordingly, Hall Hyundai is liable for their conduct under agency and respondeat superior principles.

## JURISDICTION AND VENUE

7. Defendant Hall Hyundai Newport News, LLC does business in the Commonwealth of Virginia and has or had location(s) in Newport News. The tortious and discriminatory conduct described herein occurred in Newport News. Accordingly, this Court has jurisdiction, and venue is proper in this Court.

## FACTS

8. Plaintiff is a member of a protected class, African American.
9. Plaintiff began work at Hall Hyundai in October 2018.
10. Plaintiff worked as a lubrication technician. Plaintiff also performed work that the master technicians were doing for example service campaigns and recalls without receiving the pay similarly situated employees received for similar work.
11. Plaintiff worked in a shop (automobile garage), primarily with three other individuals, including Defendants Shirer and Conrad (who are brothers-in-law).
12. Over the course of his employment, Defendants subjected Plaintiff to an increasingly hostile work environment.
13. Defendants believed, increasingly and correctly, that there would be no consequences for their racist, discriminatory, intentional, and negligent conduct.

14. Beginning prior to and escalating during the winter of 2021-22, Defendants abused Plaintiff with outright and explicitly racial discrimination; gender-based harassment; and discriminatory mistreatment. The racist and discriminatory bullying escalated and included various specific discriminatory acts, e.g., comments demeaning African-American culture, including belittling Plaintiff's hairstyle.

15. The racial discrimination also included harassing Plaintiff with homosexual taunts. Defendants, for example, insinuated that African-American men, including Plaintiff, engage in and/or lust for anal intercourse. Defendants derided Plaintiff with homosexual taunts and other discriminatory acts based on his status as an African-American – Plaintiff's Caucasian co-workers were not subjected to similar abuse.

16. Prior to the specific events described herein, defendants routinely belittled, taunted, and subjected Plaintiff to discriminatory mistreatment that Plaintiff felt forced to tolerate because he depended on and needed his employment to support his family. This mistreatment escalated in December 2021 and January 2022, and the discriminatory and hostile work environment became increasingly intolerable such that Plaintiff was forced to seek other employment and resigned from his position at Hall Hyundai; i.e., he was constructively discharged, as described with particularity below.

17. On December 10th, 2021, Plaintiff had his hair styled in a fashion known as "starter locs" (EXHIBIT 1).

18. Plaintiff went to work on December 11, 2021 at Hall Hyundai and was having a conversation with his foreman, Defendant Conrad. Conrad stated, "I cannot trust anything that you say, with your hair looking like that, It looks weird". Plaintiff asked him if he had anything against African Americans with locs (also known as "dreadlocs"). Conrad

never answered the question despite being asked twice; instead, he turned away and proceeded to ignore plaintiff and treat him with additional hostility, which Plaintiff perceived to be an affirmative and discriminatory response tohis question.

19. Plaintiff immediately reported this racial harassment to his assistant service manager, Brenda Messer. Upon information and belief, Defendants recorded surveillance video footage of this conversation.

20. On the following Monday, Messer discussed Plaintiff's complaint of racial harassment with the service director, Derrick Phillips. Upon information and belief, Defendants recorded surveillance video footage of this conversation.

21. Upon information and belief, Service Technician Michael Cunningham and Lube Technician Jonathan Turner also reported the incident to Derrick Phillips. Upon information and belief, Defendants recorded surveillance video footage of this conversation.

22. Also, that same Monday, Phillips called Plaintiff into his office to discuss his complaint. He explained what had happened and fully reported the harassment. Upon information and belief, Defendants recorded surveillance video footage of this conversation.

23. Plaintiff's service manager refused to take any corrective action to address the discrimination.

24. Plaintiff continued to be discriminated against and retaliated against for the remainder of his employment with Hall Hyundai. The discriminatory conduct escalated in retaliation following Plaintiff's report regarding his hairstyle.

25. Plaintiff was often made fun of, belittled and mocked with respect to his race and otherwise by his foreman, Defendant Conrad, as well as by his coworker Michael Shirey.

Conrad was often the instigator and Shirey was normally present, and sometime Shirey instigated. Both men laughed at and otherwise abused Plaintiff, acting together and in concert.

26. For example, Plaintiff would request assistance from his foreman, Defendant Conrad, as is customary and within the ordinary and everyday duties of the foreman to provide. Conrad would respond with hostility and ignore Plaintiff in retaliation because he knew that Plaintiff had reported his discriminatory comments about Plaintiff's hairstyle.

27. As another example of hostile and discriminatory misconduct, Defendant Conrad started burning Cheetos and once they were burnt, he would hold them in the air, displaying them to Plaintiff's coworkers while making jokes about Plaintiff's hair, saying, "This is Mike's hair."

28. Conrad also began calling Plaintiff "Coolio" (the name of a well-known African-American rap artist)

29. Conrad made numerous other discriminatory comments; e.g., he stated that "dreads" stink if you don't wash them on a regular basis.

30. When Conrad made comments of this nature, Defendant Shirey was often present and participated in the abusive behavior. Shirey also engaged in discriminatory harassment on his own initiative and frequently harassed Plaintiff with racially antagonism. Both men acted together and in concert.

31. For example, among other incidents, on January 14th, Defendants placed a latex glove (in a manner that represented and symbolized a condom) on the tip of a broom handle and smeared it with brown and red coloring (to symbolize feces and blood resulting from anal penetration by the broomstick) (EXHIBIT 2).

32. Shirey mocked Haney by stating, "That's how you sweep the shop" as he held the decorated broomstick to his rear end and waddled backwards.

33. Shirey propped the decorated broomstick up against Plaintiff's toolbox and left it there for all to see and in the space that Plaintiff was expected to work.

34. Plaintiff reported this incident to Service Director Derek Phillips. Plaintiff personally showed Phillips the broom handle, propped up against his toolbox. Phillips responded by laughing about it and the incident was never addressed. The broomstick remained propped at Plaintiff's workstation to humiliate him. Upon information and belief, Defendants recorded surveillance video footage of this incident and report.

35. No corrective action was taken, and Plaintiff continued to be severely and pervasively harassed and subjected to an intolerably hostile work environment arising from the racist mistreatment of his supervisor and coworker, with whom Plaintiff was forced to work in close quarters every day without recourse.

36. Shirey and Conrad continued to severely and persuasively harass Plaintiff, engaging in numerous episodes of ridicule regarding Plaintiff's anus, stating that when he passes gas, no one can hear it because the opening is too wide (and making other discriminatory anal sex comments).

37. By way of further example, Shirey gave Plaintiff an artificial Christmas tree that he and his wife weren't using any longer. When Plaintiff and his fiancé opened the box to set the tree up, they discovered penis stickers and other discriminatory and abusive stickers on the tree.

38. Additionally, Shirey went into a customer's trunk to replace taillights; saw a pack of feminine hygiene products; and placed some of the hygiene products on Plaintiff's toolbox to harass and humiliate him.

39. Plaintiff reported said harassment to his Service Director – the most senior level of management with whom Plaintiff interacted – on multiple occasions and no corrective actions were ever taken.

40. Because no reasonable person could be expected to work in such circumstances, Plaintiff decided to resign. He put in his two weeks' notice in but promptly terminated on January 24th, 2022, the day after 2 weeks' notice was served. This termination was retaliatory and unlawful.

41. Furthermore, defendants wrongfully declined to compensate Plaintiff for earned paid time off (vacation time), in retaliation for his protected actions.

42. The actions, omissions, and misconduct of defendants described herein approximately caused damages to Plaintiff, including but not limited to pain and suffering, psychological damage, severe emotional distress, lost earnings, and other general compensatory damages.

**COUNT I**
**VIRGINIA HUMAN RIGHTS ACT**

43. Plaintiff restates and realleges the allegations appearing in paragraphs 1-42 of this Complaint into this Count as though fully stated herein.

44. Conduct that violates any Virginia or federal statute or regulation governing discrimination on the basis of race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions including

lactation, age, military status, disability, or national origin is an unlawful discriminatory practice under the Virginia Human Rights Act, § 2.2-3900, et. seq.

45. 42 U.S.C. § 2000e-2(a) provides that it is an unlawful employment practice for an employer to "(1) discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... race ... sex ... ; or (2) to limit, segregate, or classify his employees .. .in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's ... race ... sex ...".

46. Mr. Haney is a member of a protected class; he is an African-American male who has the right to be free from employment discrimination based on his race, sex, or gender orientation.

47. Defendant Hall Hyundai, by and through its employees, violated Mr. Haney's rights under Title VII (42 U.S.C. § 2000e, et seq.) and the Virginia Human Rights Act by engaging in actions and/or activities constituting hostile work environment sexual harassment, as alleged above.

48. Defendant Hall Hyundai, by and through its employees, violated Mr. Haney's rights under by engaging in actions and/or activities constituting racial harassment and discrimination, as well as sexual harassment.

49. Mr. Haney has suffered tangible employment actions, resulting from his resistance to and reporting of racial discrimination and sexual harassment. These tangible employment actions consisted of the conduct outlined above, including suffering a substantial loss of income, pain and suffering, and wrongful termination.

50. 36. 42 U.S.C. § 2000e-3 provides that it is an unlawful employment practice for an employer to "discriminate against any individual ... because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

51. Defendant Hall Hyundai, by and through its employees, agents, and officers, including supervisory employees intentionally, willfully, and wantonly retaliated against Mr. Haney because of Mr. Haney's complaints of discrimination, in that, after complaining of discrimination, Mr. Haney was subjected to unfair and arbitrary treatment, harassment, and interference with the terms, conditions and/or privileges of her employment, as alleged above.

52. The actions and/or inactions of Defendant constitute retaliation.

53. These violations by defendant were based upon Mr. Haney's race and sex, and affected the terms, conditions, and/or privileges of Mr. Haney's employment.

54. As a direct and proximate result of the unlawful conduct and retaliation of defendant, Mr. Haney has suffered, and will in the future suffer, great damages including front pay; back pay; medical expenses; loss of career opportunities, promotions and advancements; loss of retirement benefits; loss of fringe benefits; embarrassment, humiliation, and inconvenience; severe mental anguish, stress, and pain and suffering; loss of enjoyment of life, pain and suffering, and other non-pecuniary injury in amounts to be determined at trial.

55. In addition, Mr. Haney has incurred and continues to accrue attorneys' fees and other costs related to the prosecution of this action.

**COUNT II**
**NEGLIGENCE**

56. Plaintiff restates and realleges the allegations appearing in paragraphs 1-42 of this Complaint into this Count as though fully stated herein.

57. Defendants knew or should have known employees were engaged in an ongoing pattern of abusive conduct, that they were unfit for supervisory roles or any employment, and that they would foreseeably endanger employees.

58. Defendant had a duty to take reasonable measures to vet and supervise employees, and should have terminated Conrad and Shirey's employment, and Defendants failure to do so amounted to negligence and a breach of its duty of care.

59. Defendants also had duty to provide safe premises for Plaintiff to work in. Defendants breached this duty, creating a hostile work environment that proximately caused damages to Plaintiff.

60. Defendants had a further duty to maintain a reasonable and safe working environment, free from racist and bullying conduct, which Defendants breached.

61. Defendants had the duty to exercise ordinary care with respect to Plaintiff.

62. Defendants' breach of these duties of care (negligence) proximately damaged Plaintiff, as alleged herein.

**COUNT III (ALL DEFENDANTS)**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

63. Plaintiff restates and realleges the allegations appearing in paragraphs 1-42 of this Complaint into this Count as though fully stated herein.

64. Defendants, acting within the scope of employment and by their conduct described herein, intended to cause Plaintiff severe emotional distress.

65. Defendants' intended his specific conduct and knew, or should have known, that their conduct would likely result in severe emotional distress.

66. Defendants' conduct was outrageous and intolerable in that it offended generally accepted standards of decency and morality. It was outrageous because an employee should not be subjected to obscene discrimination and bullying by his coworkers or supervisors as a condition of his employment.

67. As a direct result of the conduct described herein, Plaintiff has suffered and continues to suffer severe emotional distress, including but not limited to humiliation, embarrassment, and indignity to his feelings, all in an amount to be determined at the trial of this matter.

WHEREFORE, Plaintiff moves this Court to enter judgment for the Plaintiff, Michael Haney, against the Defendants Hall Hyundai Newport News, LLC, William Conrad, and Matthew Shirey, jointly and severally, in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000) as compensatory damages, as well as THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000) in punitive damages, plus attorney's fees, as alleged herein, plus interest at the maximum rate allowed by law on all sums awarded, from the date of December 11, 2021, until paid.

**Plaintiff demands trial by jury.**

Respectfully submitted,

MICHAEL HANEY

By:____________________________
Of Counsel

Jeremiah A. Denton IV, Esq. VSB #83818
DENTON LAW, PC
3330 Pacific Avenue, Suite 403B
Virginia Beach, VA 23451
Tel: 757-678-8508
Fax: 757-551-2444
jake@denton.law

***Counsel for Plaintiff***

Exhibit I
(1 of 2)



Exhibit 1
(2 of 2)



Exhibit 2
(1 of 2)



Exhibit 2
(2 of 2)



**DENTON LAW, PC**
3330 PACIFIC AVENUE #403B
VIRGINIA BEACH, VA 23451
TEL: 757-678-8508
FAX: 757-551-2444
JAKE@DENTON.LAW

FILED
2023 JAN 20 PM 2:16

January 20, 2023

DB
FILED
2023 JAN 24 PM 12:59
CITY OF NEWPORT NEWS, VA.
ANGELA F. REASON
CLERK

***Via Hand Delivery to:***
Newport News Circuit Court
Honorable Angela F. Reason, Clerk
2500 Washington Avenue
Courthouse Building
Newport News, VA 23607-4307

CL 23002606 M-05

Re: *Michael Haney*
*v.*
*Hall Hyundai Newport News, LLC*

Dear Ms. Reason,

Enclosed please find the following for entry by the Court in the above captioned matter:

- Cover Sheet for Civil Actions
- Complaint (plus 1 copy)
- Copy of the first page of Complaint to be stamped by the Clerk and returned in the SASE provided Mailed 1-20-23 DB
- Check for $296.00 for the filing fee

We request private process service by Driskell Services Inc. 757-961-6961.

Very truly yours,

Jeremiah A. Denton, IV

JADIV:ksr
Enclosures
cc: Michael Haney *(via email only)*

Issued Service Jan 23, 2023

1-24-23

DENTON LAW, PC
3330 PACIFIC AVENUE #403B
VIRGINIA BEACH, VA 23451
TEL: 757-678-8508
FAX: 757-551-2444
JAKE@DENTON.LAW

FILED

February 9, 2023

Newport News Circuit Court
Honorable Angela F. Reason, Clerk
2500 Washington Avenue
Courthouse Building
Newport News, VA 23607-4307

*Re:* ***CL2300266M-00***
*Michael Haney*
*v.*
*Hall Hyundai Newport News, LLC et al*

Dear Ms. Reason,

Enclosed for filing on behalf of Plaintiff, Michael Haney please find:

- Plaintiff's Motion for Leave to File an Amended Complaint
- Amended Complaint (attached as Exhibit A)
- Proposed Order which we ask to be entered by the Court.

The reason that Plaintiff requests leave to file an Amended Complaint is that Paragraphs 42 and 43, as well as Exhibit 3 and Exhibit 4, were inadvertently omitted from the original filing. The complaint has not yet been served. I respectfully request the above pleadings be presented to the judge for entry without scheduling a hearing.

Very truly yours,

Jeremiah A. Denton, IV

JADIV:ksr
Enclosures

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS**

**MICHAEL HANEY** **CL2300266M-00**

**Plaintiff**

**v.**

**HALL HYUNDAI NEWPORT NEWS, LLC**

**And**

**WILLIAM CONRAD**

**And**

**MATTHEW SHIREY**

**Defendants**

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

COMES NOW the plaintiff, Michael Haney, by counsel, and moves this court for leave to file a First Amended Complaint in this case. The proposed Amended Complaint is attached hereto for lodging (**Ex. A**).

Respectfully submitted,

MICHAEL HANEY

By:______________________________

Of Counsel

Jeremiah A. Denton IV, Esq. VSB #83818
DENTON LAW, PC
3330 Pacific Avenue, Suite 403B
Virginia Beach, VA 23451
Tel: 757-678-8508
Fax: 757-551-2444
jake@denton.law

EXHIBIT

A

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS

**MICHAEL HANEY** Case No. ________________

**JURY TRIAL DEMANDED**

**Plaintiff**

**v.**

**HALL HYUNDAI NEWPORT NEWS, LLC**

**SERVE:** **Registered Agent:**
CORPORATION SERVICE COMPANY
100 Shockoe Slip Floor 2
Richmond, VA, 23219-4100

FILED 2023 FEB 13 AM 10:48

**And**

**WILLIAM CONRAD**

**And**

**MATTHEW SHIREY**

## AMENDED COMPLAINT

COMES NOW the plaintiff, Michael Haney ("Plaintiff" or "Haney" or "Mr. Haney"), by counsel, and moves this Court for entry of judgment in his favor and against the Defendants, Hall Hyundai Newport News, LLC ("Hall Hyundai"), William Conrad ("Conrad"), and Matthew Shirey ("Shirey") (collectively, "Defendants"), and in support of this complaint alleges as follows:

## NATURE OF ACTION

1. This is an action at law arising out of racial discrimination, hostile work environment, sexual harassment discrimination, and retaliation in the course of employment of plaintiff

by defendant, pursuant to the Virginia Human Rights Act, as well as common law claims for negligence and intentional infliction of emotional distress.

**PARTIES**

2. Plaintiff Michael Haney is a natural person; a citizen of the Commonwealth of Virginia; and a resident of Newport News. He was employed by Hall Hyundai as a lube technician. Plaintiff is a member of a protected class, African-Americans.

3. Defendant Hall Hyundai Newport News ("Hyundai") is a limited liability company doing business in the Commonwealth of Virginia, including in Newport News, with its principal place of business located at 12872 Jefferson Avenue, Newport News, Virginia, 23608.

4. Defendant William Conrad is a natural person residing in the Commonwealth of Virginia who was employed by Defendant Hall Hyundai during all relevant times described herein. Conrad was Plaintiff's supervisor and foreman; accordingly, Hall Hyundai is directly liable for his discriminatory misconduct. Conrad instructed and supervised Plaintiff on a daily basis; set Plaintiff's work schedule; and oversaw and assigned Plaintiff's tasks. Conrad had the authority to discipline Plaintiff. Conrad could send Plaintiff home and generally controlled and managed Plaintiff's employment. Conrad is Caucasian.

5. Defendant Matthew Shirey is a natural person residing in the Commonwealth of Virginia who was employed by Defendant Hall Hyundai during all relevant times described herein. Shirey is Caucasian.

6. All acts and omissions committed by Conrad and Shirey, as well as all other Hall Hyundai employees mentioned herein, were made while working and performing job duties, and therefore within the scope of their employment and, accordingly, Hall Hyundai is liable for their conduct under agency and respondeat superior principles.

## JURISDICTION AND VENUE

7. Defendant Hall Hyundai Newport News, LLC does business in the Commonwealth of Virginia and has or had location(s) in Newport News. The tortious and discriminatory conduct described herein occurred in Newport News. Accordingly, this Court has jurisdiction, and venue is proper in this Court.

## FACTS

8. Plaintiff is a member of a protected class; he is an African American male.
9. Plaintiff began work at Hall Hyundai in October 2018.
10. Plaintiff worked as a lubrication technician. Plaintiff also performed work that the master technicians were doing for example service campaigns and recalls without receiving the pay similarly situated employees received for similar work.
11. Plaintiff worked in a shop (automobile garage), primarily with three other individuals, including Defendants Shirer and Conrad (who are brothers-in-law).
12. Over the course of his employment, Defendants subjected Plaintiff to an increasingly hostile work environment.
13. Defendants believed, increasingly and correctly, that there would be no consequences for their racist, discriminatory, intentional, and negligent conduct.

14. Beginning prior to and escalating during the winter of 2021-22, Defendants abused Plaintiff with outright and explicitly racial discrimination; gender-based harassment; and discriminatory mistreatment. The racist and discriminatory bullying escalated and included various specific discriminatory acts, e.g., comments demeaning African-American culture, including belittling Plaintiff's hairstyle.

15. The racial discrimination also included harassing Plaintiff with homosexual taunts. Defendants, for example, insinuated that African-American men, including Plaintiff, engage in and/or lust for anal intercourse. Defendants derided Plaintiff with homosexual taunts and other discriminatory acts based on his status as an African-American – Plaintiff's Caucasian co-workers were not subjected to similar abuse.

16. Prior to the specific events described herein, defendants routinely belittled, taunted, and subjected Plaintiff to discriminatory mistreatment that Plaintiff felt forced to tolerate because he depended on and needed his employment to support his family. This mistreatment escalated in December 2021 and January 2022, and the discriminatory and hostile work environment became increasingly intolerable such that Plaintiff was forced to seek other employment and resigned from his position at Hall Hyundai; i.e., he was constructively discharged, as described with particularity below.

17. On December 10th, 2021, Plaintiff had his hair styled in a fashion known as "starter locs" (EXHIBIT 1).

18. Plaintiff went to work on December 11, 2021 at Hall Hyundai and was having a conversation with his foreman, Defendant Conrad. Conrad stated, "I cannot trust anything that you say, with your hair looking like that, It looks weird". Plaintiff asked him if he had anything against African Americans with locs (also known as "dreadlocs"). Conrad

never answered the question despite being asked twice; instead, he turned away and proceeded to ignore plaintiff and treat him with additional hostility, which Plaintiff perceived to be an affirmative and discriminatory response tohis question.

19. Plaintiff immediately reported this racial harassment to his assistant service manager, Brenda Messer. Upon information and belief, Defendants recorded surveillance video footage of this conversation.

20. On the following Monday, Messer discussed Plaintiff's complaint of racial harassment with the service director, Derrick Phillips. Upon information and belief, Defendants recorded surveillance video footage of this conversation.

21. Upon information and belief, Service Technician Michael Cunningham and Lube Technician Jonathan Turner also reported the incident to Derrick Phillips. Upon information and belief, Defendants recorded surveillance video footage of this conversation.

22. Also, that same Monday, Phillips called Plaintiff into his office to discuss his complaint. He explained what had happened and fully reported the harassment. Upon information and belief, Defendants recorded surveillance video footage of this conversation.

23. Plaintiff's service manager refused to take any corrective action to address the discrimination.

24. Plaintiff continued to be discriminated against and retaliated against for the remainder of his employment with Hall Hyundai. The discriminatory conduct escalated in retaliation following Plaintiff's report regarding his hairstyle.

25. Plaintiff was often made fun of, belittled and mocked with respect to his race and otherwise by his foreman, Defendant Conrad, as well as by his coworker Michael Shirey.

Conrad was often the instigator and Shirey was normally present, and sometime Shirey instigated. Both men laughed at and otherwise abused Plaintiff, acting together and in concert.

26. For example, Plaintiff would request assistance from his foreman, Defendant Conrad, as is customary and within the ordinary and everyday duties of the foreman to provide. Conrad would respond with hostility and ignore Plaintiff in retaliation because he knew that Plaintiff had reported his discriminatory comments about Plaintiff's hairstyle.

27. As another example of hostile and discriminatory misconduct, Defendant Conrad started burning Cheetos and once they were burnt, he would hold them in the air, displaying them to Plaintiff's coworkers while making jokes about Plaintiff's hair, saying, "This is Mike's hair."

28. Conrad also began calling Plaintiff "Coolio" (the name of a well-known African-American rap artist)

29. Conrad made numerous other discriminatory comments; e.g., he stated that "dreads" stink if you don't wash them on a regular basis.

30. When Conrad made comments of this nature, Defendant Shirey was often present and participated in the abusive behavior. Shirey also engaged in discriminatory harassment on his own initiative and frequently harassed Plaintiff with racially antagonism. Both men acted together and in concert.

31. For example, among other incidents, on January 14th, Defendants placed a latex glove (in a manner that represented and symbolized a condom) on the tip of a broom handle and smeared it with brown and red coloring (to symbolize feces and blood resulting from anal penetration by the broomstick) (EXHIBIT 2).

32. Shirey mocked Haney by stating, "That's how you sweep the shop" as he held the decorated broomstick to his rear end and waddled backwards.

33. Shirey propped the decorated broomstick up against Plaintiff's toolbox and left it there for all to see and in the space that Plaintiff was expected to work.

34. Plaintiff reported this incident to Service Director Derek Phillips. Plaintiff personally showed Phillips the broom handle, propped up against his toolbox. Phillips responded by laughing about it and the incident was never addressed. The broomstick remained propped at Plaintiff's workstation to humiliate him. Upon information and belief, Defendants recorded surveillance video footage of this incident and report.

35. No corrective action was taken, and Plaintiff continued to be severely and pervasively harassed and subjected to an intolerably hostile work environment arising from the racist mistreatment of his supervisor and coworker, with whom Plaintiff was forced to work in close quarters every day without recourse.

36. Shirey and Conrad continued to severely and persuasively harass Plaintiff, engaging in numerous episodes of ridicule regarding Plaintiff's anus, stating that when he passes gas, no one can hear it because the opening is too wide (and making other discriminatory anal sex comments).

37. By way of further example, Shirey gave Plaintiff an artificial Christmas tree that he and his wife weren't using any longer. When Plaintiff and his fiancé opened the box to set the tree up, they discovered penis stickers and other discriminatory and abusive stickers on the tree.

38. Additionally, Shirey went into a customer's trunk to replace taillights; saw a pack of feminine hygiene products; and placed some of the hygiene products on Plaintiff's toolbox to harass and humiliate him.

39. Plaintiff reported said harassment to his Service Director – the most senior level of management with whom Plaintiff interacted – on multiple occasions and no corrective actions were ever taken.

40. Because no reasonable person could be expected to work in such circumstances, Plaintiff decided to resign. He put in his two weeks' notice in but promptly terminated on January 24th, 2022, the day after 2 weeks' notice was served. This termination was retaliatory and unlawful.

41. Furthermore, defendants wrongfully declined to compensate Plaintiff for earned paid time off (vacation time), in retaliation for his protected actions.

42. The actions, omissions, and misconduct of defendants described herein approximately caused damages to Plaintiff, including but not limited to pain and suffering, psychological damage, severe emotional distress, lost earnings, and other general compensatory damages.

43. On April 21, 2022, Plaintiff timely filed an administrative Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Virginia Division of Human Rights alleging discrimination by Defendant on the basis of race, sex, and retaliation. **EXHIBITS 3**. (Charge of Discrimination).

44. The EEOC issued Plaintiff a Right to Sue Letter on October 25, 2022. **EXHIBIT 4.** (Right to Sue Letter).

**COUNT I**
**VIRGINIA HUMAN RIGHTS ACT**

45. Plaintiff restates and realleges the allegations appearing in paragraphs 1-44 of this Complaint into this Count as though fully stated herein.

46. Conduct that violates any Virginia or federal statute or regulation governing discrimination on the basis of race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions including lactation, age, military status, disability, or national origin is an unlawful discriminatory practice under the Virginia Human Rights Act, § 2.2-3900, et. seq.

47. 42 U.S.C. § 2000e-2(a) provides that it is an unlawful employment practice for an employer to "(1) discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... race ... sex ... ; or (2) to limit, segregate, or classify his employees .. .in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's ... race ... sex ...".

48. Mr. Haney is a member of a protected class; he is an African-American male who has the right to be free from employment discrimination based on his race, sex, or gender orientation.

49. Defendant Hall Hyundai, by and through its employees, violated Mr. Haney's rights under Title VII (42 U.S.C. § 2000e, et seq.) and the Virginia Human Rights Act by engaging in actions and/or activities constituting hostile work environment sexual harassment, as alleged above.

50. Defendant Hall Hyundai, by and through its employees, violated Mr. Haney's rights under by engaging in actions and/or activities constituting racial harassment and discrimination, as well as sexual harassment.

51. Mr. Haney has suffered tangible employment actions, resulting from his resistance to and reporting of racial discrimination and sexual harassment. These tangible employment actions consisted of the conduct outlined above, including suffering a substantial loss of income, pain and suffering, and wrongful termination.

52. 36. 42 U.S.C. § 2000e-3 provides that it is an unlawful employment practice for an employer to "discriminate against any individual ... because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

53. Defendant Hall Hyundai, by and through its employees, agents, and officers, including supervisory employees intentionally, willfully, and wantonly retaliated against Mr. Haney because of Mr. Haney's complaints of discrimination, in that, after complaining of discrimination, Mr. Haney was subjected to unfair and arbitrary treatment, harassment, and interference with the terms, conditions and/or privileges of her employment, as alleged above.

54. The actions and/or inactions of Defendant constitute retaliation.

55. These violations by defendant were based upon Mr. Haney's race and sex, and affected the terms, conditions, and/or privileges of Mr. Haney's employment.

56. As a direct and proximate result of the unlawful conduct and retaliation of defendant, Mr. Haney has suffered, and will in the future suffer, great damages including front pay; back pay; medical expenses; loss of career opportunities, promotions and advancements; loss

of retirement benefits; loss of fringe benefits; embarrassment, humiliation, and inconvenience; severe mental anguish, stress, and pain and suffering; loss of enjoyment of life, pain and suffering, and other non-pecuniary injury in amounts to be determined at trial.

57. In addition, Mr. Haney has incurred and continues to accrue attorneys' fees and other costs related to the prosecution of this action.

**COUNT II**
**NEGLIGENCE**

58. Plaintiff restates and realleges the allegations appearing in paragraphs 1-44 of this Complaint into this Count as though fully stated herein.

59. Defendants knew or should have known employees were engaged in an ongoing pattern of abusive conduct, that they were unfit for supervisory roles or any employment, and that they would foreseeably endanger employees.

60. Defendant had a duty to take reasonable measures to vet and supervise employees, and should have terminated Conrad and Shirey's employment, and Defendants failure to do so amounted to negligence and a breach of its duty of care.

61. Defendants also had duty to provide safe premises for Plaintiff to work in. Defendants breached this duty, creating a hostile work environment that proximately caused damages to Plaintiff.

62. Defendants had a further duty to maintain a reasonable and safe working environment, free from racist and bullying conduct, which Defendants breached.

63. Defendants had the duty to exercise ordinary care with respect to Plaintiff.

64. Defendants' breach of these duties of care (negligence) proximately damaged Plaintiff, as alleged herein.

**COUNT III (ALL DEFENDANTS)**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

65. Plaintiff restates and realleges the allegations appearing in paragraphs 1-44 of this Complaint into this Count as though fully stated herein.

66. Defendants, acting within the scope of employment and by their conduct described herein, intended to cause Plaintiff severe emotional distress.

67. Defendants' intended his specific conduct and knew, or should have known, that their conduct would likely result in severe emotional distress.

68. Defendants' conduct was outrageous and intolerable in that it offended generally accepted standards of decency and morality. It was outrageous because an employee should not be subjected to obscene discrimination and bullying by his coworkers or supervisors as a condition of his employment.

69. As a direct result of the conduct described herein, Plaintiff has suffered and continues to suffer severe emotional distress, including but not limited to humiliation, embarrassment, and indignity to his feelings, all in an amount to be determined at the trial of this matter.

WHEREFORE, Plaintiff moves this Court to enter judgment for the Plaintiff, Michael Haney, against the Defendants Hall Hyundai Newport News, LLC, William Conrad, and Matthew Shirey, jointly and severally, in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000) as compensatory damages, as well as THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000) in punitive damages,

plus attorney's fees, as alleged herein, plus interest at the maximum rate allowed by law on all sums awarded, from the date of December 11, 2021, until paid.

**Plaintiff demands trial by jury.**

Respectfully submitted,

MICHAEL HANEY

By:__________________________

Of Counsel

Jeremiah A. Denton IV, Esq. VSB #83818
DENTON LAW, PC
3330 Pacific Avenue, Suite 403B
Virginia Beach, VA 23451
Tel: 757-678-8508
Fax: 757-551-2444
jake@denton.law

***Counsel for Plaintiff***

EXHIBIT
1 (1 of 2)

FILED
2023 FEB 13 AM 10

EXHIBIT
1 (2 of 2)

HYUNDAI

FILED
2023 FEB 13 AM 10: 49

EXHIBIT
2 (1 of 2)



FILED
2023 FEB 13 AM 10:49
ANGELA
CLERK

EXHIBIT
2 (2 of 2)

FILED
2023 FEB 13 AM 10:49
CLERK

EXHIBIT 3

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Age[ncy]

[ ] FEPA
[X] EEOC

**Virginia Division of Human Rights** and EEOC

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Michael L. Haney Email:** Michael_haney@hotmail.com | **757-974-4184** | **6/10/1987** |

| Street Address | City, State and ZIP Code |
|---|---|
| **70 Tall Pines Way Apt H.** | **Newport News, VA 23606** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Hall Hyundai Newport News | **15+** | **757-525-9744** |

| Street Address | City, State and ZIP Code |
|---|---|
| **12872 Jefferson Avenue** | **Newport News, VA 23606** |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

[X] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER (*Specify*)

DATE(S) DISCRIMINATION TOOK PLACE

Earliest **12/11/2021** Latest **1/24/2022**

[X] CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

On December 10th I went to have my hair styled (starter locs) (**EXHIBIT 1**). I went to work the next day at Hall Hyundai Newport News and was having a conversation with my foreman, William Conrad, a Caucasian individual, and in the midst of the conversation he stated "I cannot trust anything that you say, with your hair looking like that, It looks weird". I asked him if he had anything against African Americans with locs (formerly known as "dreadlocs"). He never answered the question. I immediately went and reported him to the assistant service manager, Brenda Messer, and on the following Monday, she spoke with the service director, Derrick Phillips, about the issue. On that Monday, my service director called me into his office because of what he had heard about the situation. I explained what had happened and fully reported the harrasment.

Nothing was ever done by the service director about the matter, not even reporting the issues to human resources, and I continued to be **discriminated against and retaliated against** for the remainder of my employment with the company.

For instance, I would ask my foreman for his advice in regard to recommendations for cars and he would ignore me or say have someone else look at vehicle after the service director questioned him about his

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Apr 21, 2022 [signature] Michael Haney (Apr 21, 2022 ...)

*Date* *Charging Party Signature*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)



FILED
2023 FEB 13 AM 10: 49

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | |

**Virginia Division of Human Rights** and EEOC

*State or local Agency, if any*

comments made about my hair. My foreman started burning Cheetos and once they were burnt, he would hold them in the air, displaying them to my coworkers to make a joke of my hair, telling them, "This is Mike's hair" or calling me Coolio (rap artist) or stating "dreads" stink if you don't wash them on a regular basis.

Furthermore, I've also been discriminated against and harassed by other coworkers. For example, Matthew Shirey harassed me with racially antagonistic and sexually explicit antics by, among other things, taking latex gloves (symbolized as condoms) and putting it on a broom handle and coloring it brown and red (symbolizing feces and blood resulting from anal penetration by the broom (**EXHIBIT 2**) and stating, "That's how you sweep the shop" with a broom up the rear end going in a backwards motion. The broom handle was propped up against my toolbox by Shirey.

Shirey and Conrad continued so severely and persuasively harass me, joking about my anus, stating that when I pass gas, no one can hear it because the opening is too wide (and making other gay jokes).

Severe and pervasive harassment has been reported to my service director on multiple occasions and no corrective actions were ever taken. Because no reasonable person could be expected to work in such circumstances, I put my 2 weeks' notice in and was then terminated by the company on January 24th, 2022 the day after 2 weeks' notice was served. Photos have been attached.

Also, I put in for 2 weeks' vacation in which It was declined and was told by Derrick Phillips (service director I couldn't take more than a week at a time, or I would need to contact human resources. I put in for a week off prior to putting 2 weeks' notice and all 72 hours of my vacation were taken, all in retaliation for m protected actions in reporting discrimination.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>Apr 21, 2022 [signature] Michael Haney (Apr 21, 2022)<br>*Date* *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EXHIBIT 4

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Norfolk Local Office
200 Granby Street, Suite 739
Norfolk, VA 23510
(757) 600-4720
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 10/25/2022

**To:** Michael L. Haney
70 Tall Pines Way Apt H
Newport News, VA 23606
Charge No: 437-2022-00855

EEOC Representative and email: Alexander Perez
Investigator
Alexander.perez@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 437-2022-00855.

On behalf of the Commission,

Digitally Signed By:Carmen M. Whaling10/25/2022

Carmen M. Whaling
Acting District Director

**Cc:**
G. Mossanen
Hall Hyndai - Newport News
12872 JEFFERSON AVE
Newport News, VA 23608

Thomas Lucas, Esq
500 E MAIN ST STE 800
Norfolk, VA 23510

Jeremiah A Denton, Esq
Denton Law, PC
3330 Pacific Avenue Suite 403B
VIRGINIA BEACH, VA 23451

Please retain this notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 437-2022-00855 to the District Director at Carmen M. Whaling, 129 West Trade Street Suite 400Charlotte, NC 28202.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.



**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS**

**MICHAEL HANEY** **CL2300266M-00**

**Plaintiff**

**v.**

**HALL HYUNDAI NEWPORT NEWS, LLC**

**And**

**WILLIAM CONRAD**

**And**

**MATTHEW SHIREY**

**Defendants**

**ORDER**

COMES NOW the plaintiff, Michael Haney, by counsel, This Matter Came Upon Plaintiff's Motion for Leave to File Amended Complaint and deeming it in the best interests of justice, it is hereby

ORDERED that Plaintiff is granted leave to file the First Amended Complaint, currently lodged with the Court as **Exhibit A** to the Motion for Leave to File Amended Complaint, and it shall be deemed filed as of this date.

ENTERED THIS _____ day of ____________________, 2023.

______________________________
JUDGE

I ASK FOR THIS:

______________________

Jeremiah A. Denton IV, Esq. VSB #83818
DENTON LAW, PC
3330 Pacific Avenue, Suite 403B
Virginia Beach, VA 23451
Tel: 757-678-8508
Fax: 757-551-2444
jake@denton.law

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS**

**MICHAEL HANEY** **CL2300266M-00**

**Plaintiff**

**v.**

**HALL HYUNDAI NEWPORT NEWS, LLC**

**And**

**WILLIAM CONRAD**

**And**

**MATTHEW SHIREY**

**Defendants**

**ORDER**

COMES NOW the plaintiff, Michael Haney, by counsel, This Matter Came Upon Plaintiff's Motion for Leave to File Amended Complaint and deeming it in the best interests of justice, it is hereby

ORDERED that Plaintiff is granted leave to file the First Amended Complaint, currently lodged with the Court as **Exhibit A** to the Motion for Leave to File Amended Complaint, and it shall be deemed filed as of this date.

ENTERED THIS 22 day of February, 2023.

JUDGE

I ASK FOR THIS:

Jeremiah A. Denton IV, Esq. VSB #83818
DENTON LAW, PC
3330 Pacific Avenue, Suite 403B
Virginia Beach, VA 23451
Tel: 757-678-8508
Fax: 757-551-2444
jake@denton.law

A COPY TESTE, Angela F. Reason, Clerk
Newport News Circuit Court

By: ______________, D.C.

2/24/23 - J. Denton IV